CHARLES J. SCHUCK, Judge,
dissenting.
The majority opinion denying relief to the claimant company is based entirely on the proposition that the claimant is barred by the statute of limitations, on the ground that the claim could have or should have been presented to the circuit court of Kanawha county for audit and adjustment within a period of five years prior to the enactment of the act creating the court of claims. I assume that all other questions involved are from the very nature of the opinion resolved in the favor of the claimant company.
Under the statute creating the state court of claims the following provision seems to be the only restriction or limitation placed upon a petitioner to bar his claim from consideration by this court:
“. . . That no such claim as shall have arisen prior to the elfective date of this article shall be barred by any limitation of time imposed by any other statutory provision if the claimant shall prove to the satisfaction of the court that he has been prevented or restricted from presenting or prosecuting such claim for good cause, or by any other statutory restriction or limitation.”
*19 The question now arises as to whether or not, under the portion of the act just quoted, petitioner has shown to the satisfaction of the court that it put forth every effort in prosecuting its claim and that it was not guilty of any laches or negligence so far as the delay of its presentation was concerned.
The majority opinion relies entirely on chapter 12, article 3, section 3 of the code (Michie’s code of 1931, section 1021), which was section 9, chapter 17 of the code of 1923, and which article is to the effect that no claim shall be allowed by the auditor after five years from the time when by law it might have been presented for payment. Chapter 14, article 2, sections 1 and 5 of the code, prior to the amendment of 1941, prescribed that anyone having a pecuniary claim against the state which has been disallowed by the auditor shall present the same to the circuit court of the county in which the seat of government is, to have the claim audited and adjusted, and then provides further, in effect, that no suit shall be allowed unless presented within five years from the time that the claim may have been asserted.
The West Virginia courts have never passed on the statutes in question sufficiently to give a well-defined interpretation of the meaning and scope of the provisions thereof, and in the case of the Standard Oil Company of New Jersey v. Fox, reported in 6 F Supp. 494, and affirmed by the Supreme Court of the United States, the court held, when considering the statutes in question, that they were not free from doubt and ambiguity, and that the claimant did not have a complete remedy at law by virtue of the provisions of the said statutes and that, therefore, it could not be deprived of its right to enforce its claim by reason of the doubt and ambiguity that existed with reference to the said statutes. The court further held in the said case that the West Virginia statutes had never been made clear by the decisions of the West Virginia courts, and that the act in question was merely a statutory proceeding for the auditing of a claim against the state.
^ If this conclusion is correct, then, under the circumstances, the circuit court of Kanawha county would simply be going *20 through a process of bookkeeping to ascertain the amount that was due, if any, to the claimant company, with admittedly no right to enforce its decree or judgment in this regard. The circuit court of Kanawha county had no right to determine the constitutionality or unconstitutionality of the acts under which the several auditors sought to enforce the payment of the tax, and had, in my judgment, no power whatever to enforce any decree, order, finding, or judgment that might have been made, favorable to the claimant. There is no denial that the claimant was pressing its claim, as shown by the testimony in this case, in every possible way, and by all manner of means, and that the position assumed by the several auditors was so arbitrary as to give the claimant little satisfaction in the effort it was putting forth to obtain the refund.
Assuming that the circuit court of Kanawha county had made a finding for the claimant, from which finding no appeal could be taken, it is still not clear, under the interpretation of our West Virginia statutes, as to whether any remedy would have existed by which the claimant could have availed itself in the attempt to obtain the refund in question.
It is urged that if the claim had been submitted to the said circuit court of Kanawha county and an award made, that the auditor would then 'have been obliged to have presented the matter to the next session of the Legislature for its consideration, and this, in my judgment, is all that could have been done under the law as it was during the period in question. Let us assume that this method would have been carried out and the Legislature would have refused to make an appropriation. Would that fact, under all the existing circumstances, have prevented this court from giving further consideration to the claim in question? I do not think so. We have considered other claims which have heretofore been adversely treated by the Legislature to which they were submitted, and have made awards to be submitted to the next session of the Legislature for consideration. This has all been done under our idea and interpretation of the phrase “equity *21 and good conscience” as set forth in the statute creating this court and in consideration of the testimony supporting and sustaining an award.
The acts heretofore quoted, being vague and ambiguous, as held by our highest court, the provisions thereof should not now be used to bar a claimant who so far as the testimony shows made every effort to have the several auditors “see the light” and refund the amount of taxes improperly and illegally collected.
For myself, I am of the opinion and I believe a proper construction of the act creating the court of claims, with reference to the barring of claims in this court, means that no limitation is placed on the prosecution of a claim where it is shown unqualifiedly, as in this case, that a petitioner had done everything possible within a reasonable period of time, considered in the light of all the circumstances, to obtain redress and' to have some remedy for a tax illegally assessed and illegally collected. The state collected the tax in question and used the amount for its own purposes. That it was collected wrongfully and without warrant of law there is now no question, and to allow the state to appropriate the excess amount and to sanction the holding and appropriation thereof on a mere technicality is, in my judgment, wrong and improper.
By the more recent decisions of courts throughout the country, we seem to be getting away from the position heretofore maintained, that where taxes are wrongfully paid by an individual1, and no claim is made for the same within a required period, that the taxpayer is barred from recovery. The broader view seems to 'be that if the taxpayers put forth every effort to reclaim the improper payment, short of actually bringing suit in law or in equity, that the state is morally bound to repay, on the theory that justice must be done and that the mere technicality will not deprive the taxpayer of this right unless it is shown that he was wanton and flagrant in the matter of delay.
*22 Under the very language of the statute heretofore quoted with reference to barring any claim, it seems to me that its very language implies that considerable latitude must be allowed the claimant and that unless he has wholly failed in prosecuting his claim, he should not be barred from a proper presentation and hearing in this court. I repeat, under the circumstances, and in view of the evidence showing the determined effort on the part of the claimant to obtain redress from time to time and the effort to have his claim paid, all of which is not denied in any manner by the state; and further, in view of the fact that, in my judgment, the circuit court of Kanawha county did not have jurisdiction to determine the constitutionality of the act under which the payments were made, and seemingly could not have enforced any finding with reference to the amount in question, so far as the auditor was concerned, that the claimant did everything possible to maintain his claim and cannot therefore be charged with being guilty of laches or be barred by any statute of limitations in conflict with the only limitation prescribed in the act creating this court for the consideration and presentation of a claim before it.